UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES D. STERGIOS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-410-P-S |
| | ) |
| SUSAN COLLINS, *et al.*, | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTIONS AND
RECOMMENDED DECISION**

Charles D. Stergios, who is currently housed at the Cumberland County Jail, has filed a complaint naming United States Senator Susan Collins and the United States of America as defendants, seeking fifteen million dollars from the senator and only $100,000.00 from the United States, which, in Stergios's view, is only partially responsible for his damages. According to Stergios, Senator Collins was grossly negligent in 2008 when he was a prisoner at FCI Allenwood, a federal correctional institution. On March 24 or 25 of that year Stergios says he was sexually assaulted by a gang member and that the assault occurred after Stergios had sought protective custody. He wrote to Senator Collins and asked her to intervene and prevent the prison from releasing him from protective custody. Allegedly, she failed to take any action on his behalf and then tried to cover up her lack of response. According to Stergios, Senator Collins could have prevented the incident from happening if only she had told the prison to allow him to remain in protective custody. Stergios also believes that Senator Collins impeded the investigation of what happened to him because of her involvement with "missing" evidence. He provides no facts to elucidate that claim. He has sued the United States of America because Senator Collins was on "official business" at the time of these events.

Stergios has filed a motion to proceed *in forma pauperis* and a motion for service by the United States Marshal.  I now deny both motions.  The motion to proceed *in forma pauperis* has not been properly affirmed under penalty of perjury, however, even if Stergios remedied that deficiency this complaint would still be subject to dismissal.  Because this claim is frivolous, fails to state a claim, and seeks monetary damages from a party who is immune from such a suit, the complaint should be summarily dismissed following initial screening.  Pursuant to 28 U.S.C. § 1915A(b), when a prisoner files a complaint seeking redress from a governmental defendant, the Court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint—( 1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  I will explain briefly why the claim fails as to each of the defendants.

It is axiomatic that neither the United States nor its agencies may be sued except by consent;  the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)).  Congress determines the scope and terms of any consent, as well as the applicable procedures.  <u>Tacoma v. Taxpayers of Tacoma</u>, 357 U.S. 320, 336 (1958).  Congressional consent "cannot be implied";  it must be "unequivocally expressed."  <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976).  In this case, for any alleged claim arising from this set of facts, Stergios has failed to identify a valid cause of action, or jurisdictional basis, or waiver of sovereign immunity.  If Stergios is alleging vicarious liability against the United States as an "employer," due to Senator Collins's "gross negligence," tort claims against the federal government are exclusively addressed under the Federal Tort Claims Act.  28 U.S.C. § 2679.  Pursuant to that statute, exhaustion of administrative remedies is an absolute jurisdictional

prerequisite.  28 U.S.C. § 2675(a).  In a case involving a United States Senator, "a plaintiff is first required to file an administrative claim with the Office of the Senate Sergeant at Arms, which is the body charged with processing administrative tort claims filed with the United States Senate under the FTCA."  DeMasi v. Schumer, 608 F. Supp. 2d 516, 525 (S.D.N.Y. 2009).  Moreover, pursuant to the FTCA, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  In this case, based on the allegations in the complaint, no attempts have been made to comply with the FTCA and if they had been made, there is nothing in that statute that even remotely suggests the United States has waived its sovereign immunity in connection with a claim of this nature.  See 28 U.S.C. § 1346(b)(1) (making the United States liable in cases involving negligence committed by federal employees in the course of their employment "in the same manner and to the same extent as a private individual under like circumstances");  28 U.S.C. § 2680(a) (excepting any claim based on the "failure to exercise or perform a discretionary function" by a governmental employee, "whether or not the discretion involved be abused.")

     Stergios's claim against Senator Collins personally fares no better.  Stergios alleges that his claim against Collins is based upon a theory of "gross negligence," not that she violated any of his constitutional rights.  Even if I somehow construed this claim as alleging a violation of the United States Constitution, I am unable to identify any constitutional right that an individual citizen has to obtain the assistance of a particular United States Senator to personally intervene on his or her behalf with a particular federal institution, such as a federal correctional institution.  Stergios is thus left with a claim that Senator Collins was negligent in failing to intervene on his behalf, an action which he alleges arose because of her position as a United States Senator.

Negligence, or even an intentional tort, by a United States Senator during the course of the performance of official duties is conduct which is covered by the Federal Employees Liability Reform and Tort Compensation Act of 1988, the so-called Westfall Act.  See Operation Rescue Nat'l v. United States, 147 F.3d 68, 70-71 (1st Cir. 1998) (affirming that United States Senators are immune from tort liability as are all other federal employees, decided in the context of a defamation suit brought against Sen. Edward Kennedy of Massachusetts).  Thus, the suit becomes a suit against the United States and for the reasons already stated, the United States is immune from tort liability in a situation of this sort.

Stergios's complaint against Senator Collins should also be dismissed for failure to state a claim as a matter of law.  Fed. R. Civ. P. 12(b)(6).  Essentially, Stergios has alleged that Senator Collins did not do all she could have done to assist Stergios with his dispute with the officials at FCI Allenwood.  Numerous courts have recognized that elected members of the House and Senate cannot be sued simply because a constituent believes that member has failed to take a certain action or respond to the constituent's request for assistance.  McDonough v. Ney, 599 F. Supp. 679, 683 (D. Me. 1984) (finding that the alleged refusal of Senators Cohen and Mitchell and Representative Snowe to intervene in behalf of plaintiffs as requested neither inappropriate nor actionable); Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988) (affirming district court finding that a constituent is not entitled to sue for damages simply because his or her representative fails to perform according to the constituent's wishes); Craft v. McNulty, 875 F. Supp. 121, 124 (N.D.N.Y. 1995) (finding the fact that defendant Congressman "failed to follow-up on the alleged wrongdoings of an Internal Revenue Service personnel is neither inappropriate nor actionable under the laws"); Lannak v. Biden, No. 06-CV-180, 2007 WL 625849, at *2, 2007 U.S. Dist. Lexis 13124, *5 (D. Del. Feb. 27, 2007) ("[P]laintiff's claim is

barred under the legal principle that a member of Congress'[s] refusal to assist a constituent in response to the constituent's request for help does not create a cognizable claim.").

In the final analysis, Stergios has brought claims against the United States of America and Senator Collins which are simply not cognizable in a federal district court.  While Stergios may have suffered a grievous wrong at the hands of prison gang members and/or correctional officials, his complaint, as filed in this court, seeks to enforce rights that simply do not exist and, therefore, it fails to state a claim, seeks damages from immune parties, and is frivolous as a matter of law.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (finding a claim is frivolous as a matter of law where the claim seeks to enforce a right that clearly does not exist).  Based upon the foregoing, I recommend that, following denial of the motions for service and to proceed *in forma pauperis*, this Court should summarily dismiss this complaint.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 8, 2009